IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | No. 21-3115-01-CR-S-MDH |
| **RUEL CASEY GRENINGER,** | |
| Defendant. | |

### UNITED STATES' MOTION FOR PRETRIAL DETENTION AND FOR A HEARING PURSUANT TO 18 U.S.C. § 3142(f)

The United States of America, through Teresa A. Moore, Acting United States Attorney for the Western District of Missouri, and by the undersigned Assistant United States Attorney requests pretrial detention and a detention hearing pursuant to 18 U.S.C. § 3142(f)(1)(E) and § 3142(f)(2)(A). At this hearing, the evidence will demonstrate that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community.

### Supporting Suggestions

1. Title 18, United States Code, Section 3142(f)(1)(E) provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case is one that involves the possession or use of a firearm, including felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

2. The statute recognizes two additional situations which allow for a detention hearing and which can be raised either by the attorney for the Government or by a judicial officer. These conditions are:

    a. When there is a serious risk that the defendant will flee; or,

    b. When there is a serious risk that the person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror. 18 U.S.C. § 3142(f)(2)(A) and (B).

3. One or more grounds for pretrial detention and a pretrial detention hearing as set forth by the statute exists in the above cause, to wit: this matter involves a felon in possession of a firearm. Further, there is a serious risk that the defendant's release will present a substantial risk to the community.

4. Moreover, the nature and circumstances of the charged offense, the weight of the evidence, the defendant's history and characteristics, and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release, each demonstrate that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) that will reasonably assure the appearance of the defendant as required and the safety of other persons and the community. In assessing danger to the community, the inquiry is not limited only to the risk of physical violence but can also include the danger of continued criminal activity. *See United States v. Tortora*, 922 F.2d 880 (1st Cir. 1990).

5. The Government is aware of the following evidence:

    a. In relation to the nature and circumstances of the offense charged, on October 5, 2021, a grand jury returned an indictment charging the defendant

with one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k).

    b.    In relation to the weight of the evidence supporting the charge in the Indictment:

On April 8, 2021, Greene County, Missouri, Sheriff's Office (GCSO) Deputy Blake Anderson was dispatched to a residence in Strafford, Greene County, Missouri, in reference to a drug overdose. When he arrived, Deputy Anderson located the male patient, eventually identified as the defendant, Ruel Casey GRENINGER, lying on the floor in the bathroom of the residence. Strafford Fire began administering Narcan. Deputy Anderson noted that the patient was a white male with dirty blond hair, a beard, and multiple tattoos including a swastika on his stomach. Deputy Anderson also observed that the patient had a holster on his right hip, with a firearm in the holster.

Deputy Anderson removed the firearm for safekeeping. He unloaded the firearm, a .38 Special Revolver, and put it in his patrol vehicle. He found the firearm was scratched all over the metal and the serial number was defaced and unreadable. Based on the scratch marks, Deputy Anderson believed the firearm had been sanded. Deputy Anderson also found that the firearm was loaded with six Super-X .38 Special rounds.

After five doses of Narcan, GRENINGER became alert and conscious. Immediately after regaining consciousness, GRENINGER became hostile toward the law enforcement, firefighters, and EMS present. Initially GRENINGER provided a false name to law enforcement but eventually gave Deputy Anderson the correct identifiers. Deputy Anderson was able to determine that GRENINGER was disqualified from possessing a firearm due to his criminal history.

    c.    In relation to the history and character of the defendant, the defendant has convictions for possession of a controlled substance, assault, minor visibly intoxicated, assault in the third degree, assault of a law enforcement officer in the third degree, burglary in the second degree, negligent burning or exploding, possession of chemicals with the intent to manufacture a

controlled substance, driving while license revoked, and forgery. In total, the defendant has six felony convictions.

   d. The defendant also has a history of failing to appear in court. In Case No. 1331-CR05699-01, the defendant failed to appear four times for court despite being supervised by both a bondsman and/or Greene County Pre-Trial Services.

 6. Given the nature and circumstances of the offenses charged, the weight of the evidence against the defendant, the history and characteristics of the defendant including his past conduct, his history relating to drug or alcohol abuse, his criminal history, his history of failing to appear for court, and the danger to the community posed by the defendant's release, the United States submits that there is clear and convincing evidence that there are no conditions that would reasonably assure the defendant's appearance in court or the safety of the community. See 18 U.S.C. §3142(f) and §3142(g).

 **WHEREFORE**, the United States requests a pretrial detention hearing and that Defendant be detained pending trial.

      Respectfully submitted,

      Teresa A. Moore
      Acting United States Attorney

 By */s/ Stephanie L. Wan*
    Stephanie L. Wan
    Assistant United States Attorney
    Missouri Bar No. 58918
    901 St. Louis Street, Ste. 500
    Springfield, Missouri 65802

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on the 13th day of October, 2021, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Stephanie L. Wan*
Stephanie L. Wan
Assistant United States Attorney